TELÉSFORA GARCÍA and GUILLERMA ZAYAS, Plaintiffs and Appellants, *v.* EMILIANO FERNÁNDEZ ET AL., Defendants and Appellees.

No. 3725.  Argued December 15, 1925.—Decided July 8, 1926.

*V. F. Rodríguez Ortiz* and *F. González Fagundo* for the appellants.
*Acuña & Janer* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Telésfora García and Guillerma Zayas, claiming to be the heirs of Ramona Calderón, brought an action for the

annulment of a declaration of heirship, of a partition of inheritance and of various records in the registry of property, all relating to a rural property situated in Caguas.

Both parties admitted that in June, 1873, Pascual Borrás sold to Julián Morales the property in question.

The plaintiffs alleged that in 1865 Julián Morales married Ramona Calderón, the mother and grandmother, respectively, of the plaintiffs; that as Morales died leaving no ascendants or descendants or any other relative except his widow, she inherited the property, and that inasmuch as Ramona Calderón never alienated the said property, it belonged to the plaintiffs as her sole heirs. They further alleged that a certain designation of heirs of Julián Morales made by Judge Sarmiento in 1892 in favor of a natural son; a partition of inheritance of Morales made in the same year by the natural son and widow Ramona Caldas, and various transfers of the property in question appearing in public deeds recorded in the registry of property, the first of them being dated May 13, 1892, were void because they were tainted with fraud.

The case was brought to trial and the complaint was dismissed. As a basis of his judgment an opinion covering 15 pages was handed down by the trial judge who related and analyzed therein both the documentary and the oral evidence and concluded that the plaintiffs did not show in any manner the fraud alleged.

After having examined the pleadings, the evidence and the briefs we are of the opinion that the judgment rendered should be affirmed. Rarely has an action of this kind been brought before a court with such a paucity of evidence to destroy conveyances made in public deeds recorded in the registry of property.

The only fact which might have given rise to confusion is that in the marriage certificate presented by the plaintiffs the name of their ancestor appears as Ramona Calderón,

which they maintained was her true name, while in the partition of 1892 and in the first transfer of the same year Ramona Caldas was named as the widow of Julián Morales. However, the oral evidence showed convincingly that both names referred to only one person.

This being the conclusion from the evidence, the court did not err in holding the deeds of partition and sale to be valid.

The assignments referring to the leave granted the defendants to file an amended answer and to the admission in evidence of certain deeds are without merit.

The amended answer was filed by leave of the court more than two months before the trial and the court was not bound to give the plaintiffs a hearing before ruling on the motion to amend. Notice of the amended answer was given to the plaintiffs when it was presented and no objection was raised until the day of the trial when the plaintiffs moved to strike it out for the reason stated.

The plaintiffs objected to the admission in evidence of the deed of partition for the reason that, although it recited that the parties to the deed did not know how to sign, it did not show that a witness had signed for them. The deed stated: ''Thus they covenant, but do not sign because they say that they do not know how to sign, and it is signed for them at their request by Hermógenes Alvarez, who together with José Ortiz Llauger, were the instrumental witnesses.'' The deed is signed by the said witnesses.

The question was properly decided by the trial judge, citing the case of *Aponte* v. *Registrar of Caguas*, 27 P.R.R. 816, as follows: ''It was not necessary for the instrumental witnesses who signed in the names of the parties to the deed to give their names, because there were only two parties and neither of them could write, there being no ambiguity.''

A similar error was assigned in relation to the deed of sale whereby the property in question was sold by Ramona

Caldas, widow of Morales, to Pascual Borrás on May 13, 1892.

Other errors relating to the admission of evidence are referred to in the statement of the case, but no mention is made of them in the brief of the appellants.

In their brief the appellants insist that the court erred in admitting in evidence the deposition of a certain witness. That was error. The deposition was taken before a notary who, instead of having enclosed it in a sealed envelope or wrapper and addressed it to the clerk of the court in which the action was pending, as positively required by section 144 of the Law of Evidence, delivered it open to one of the attorneys for the defendants.

Nevertheless the error was not prejudicial, not only because the authenticity of the deposition was proved at the trial by the testimony of the attorney for the defendants to whom it was delivered and of the attorney for the plaintiffs who asked the cross-questions and raised the objections, but also and especially so because in his statement of the case and opinion the trial judge said: ''However, the court puts on record that the admission in evidence of the said deposition will change in no wise the conclusion to be reached from the evidence, inasmuch as witnesses Juan Ramírez and Emiliano Fernández, who are worthy of full credit, testified on these points and, therefore, the deposition is cumulative evidence.

The judgment appealed from should be affirmed.